UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JASON GOODE


    v.                                            PRISONER
                                Case No.  3:04CV1524 (WWE) (HBF)
WILLIAM FANEUFF, et al.

<u>RULING ON PENDING MOTIONS</u>

Pending before the court are plaintiff's motions to amend, for extension of time, for leave to take depositions, to stay, to compel and for default and defendants' motions for extension of time and for summary judgment.  For the reasons set forth below, the defendants' motion for extension of time will be granted and the other pending motions will be denied.

I.    <u>Motion for Leave to File an Amended Complaint [doc. # 22]</u>

The plaintiff seeks leave to file an amended complaint to add five defendants who were allegedly involved in the failure to protect him from assault on November 21, 2001.  Under Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff must seek leave of court to file an amended complaint because the defendants filed an answer to the complaint prior to the plaintiff's filing of the motion to amend.

The plaintiff did not move for leave to amend to add claims against five new defendants until at the earliest September 28, 2005, the day he presumably handed the motion to prison officials

for mailing.  Thus, these claims which relate to the assault of
the plaintiff by another inmate in November 2001 are barred by
the three year statute of limitations.  See Lounsbury v.
Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's
three year statute of limitations to actions brought pursuant to
42 U.S.C. § 1983).  Any attempt to add those claims to this
action would be futile.  See Forman v. Davis, 371 U.S. 178, 182
(1962) (the court considers such factors as undue delay, bad
faith, dilatory motive, undue prejudice and futility of the
amendment, in determining whether to grant leave to amend); Acito
v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (although
the Federal Rules of Civil Procedure provide that leave to amend
should be "freely given," Fed. R. Civ. P. 15(a), denial of a
motion for leave to amend is appropriate where the proposed
amendment would be futile).   Furthermore, permitting the
plaintiff to add new claims would unnecessarily delay the
litigation of this action.  The defendants have moved for summary
judgment in this action.  Thus, the court concludes that justice
does not require that the plaintiff be permitted to file an
amended complaint to add claims against individuals that are
barred by the statute of limitations.  The motion for leave to
amend is denied.

II.  Motion for Leave to Depose Defendants [doc. # 25]

     The plaintiff seeks to depose the three defendants named in
the complaint as well as other individuals who are not parties to

this action.  He asks the court to designate a person to record

the deposition and seeks an attorney to conduct the deposition

for him.  He claims that he needs to conduct the depositions to

prepare for trial, but does not identify the information he seeks

to elicit through the depositions or how that information might

relate to his claims.

The plaintiff does not indicate in his motion that he has

sufficient funds to pay the deposition expenses.  Although

plaintiff has been granted permission to file his action *in forma*

*pauperis*, 28 U.S.C. § 1915 does not authorize payment or

advancement of discovery expenses by the court.  See Beard v.

Stephens, 372 F.2d 685 (5th Cir. 1967) (*in forma pauperis* status

does not encompass affirmative assistance in conducting civil

case); Coates v. Kafczynski, 2006 WL 416244, at *2  (W.D. Mich.

Feb. 22, 2006) holding that "court has no authority to finance or

pay for a party's discovery expenses even though the party has

been granted leave to proceed *in forma pauperis*") citing cases);

Tajeddini v. Gulch, 942 F. Supp. 772, 782 (D. Conn. 1996)

(denying plaintiff's motion to depose defendants because

plaintiff did not indicate how he would pay deposition expenses

and *in forma pauperis* status does not require advancement of

funds by the court for deposition expenses).

In addition, the plaintiff has not demonstrated that he is

unable to obtain the information he seeks from these defendants

using other methods of discovery.  Because plaintiff does not

indicate that he has sufficient funds to pay the required

expenses to depose the persons identified in his motions,

plaintiff's motion is denied without prejudice.

III.  <u>Motion for Extension of Time [doc. #33]</u>

The defendants seek an extension of time until May 8, 2006,

to file their response to plaintiff's February 20, 2006 discovery

request.  The motion is granted absent objection.

IV.  <u>Motions to Compel and for Default [docs. ## 34, 35]</u>

The plaintiff claims that the defendants objections to

discovery requests numbered one through six in the document

dated February 20, 2006 and entitled "Interrogatories to

Defendant(s) (Faneuff, (Butler, (Myers), (Coate)" are

unreasonable.  He asks the court to default the defendants for

failing to answer the requests and also seeks a court order

compelling the defendants to respond to the requests.

As a preliminary matter, the court notes that although the

plaintiff entitled his discovery request as Interrogatories, he

seeks the production of documents from the defendants.  In

addition, the requests are directed to Faneuff, Myers, Butler and

Coates.  Myers, Butler and Coates are not defendants in this

matter.   Interrogatories and Requests for Production may be

served on parties only.  <u>See</u> Rules 33(a) and 34(a), Fed. R. Civ.

P. provides that interrogatories be served on parties only.

A review of defendant Faneuff's responses to plaintiff's

request for documents reveals that he objected to the production

of his own training records and records documenting Inmate

Lawson's disciplinary history and separation status on the ground

that disclosure of these records would jeopardize safety and

security.  Defendant Faneuff also objected to plaintiff's request

for documents "to certify [his] compliance as a supervisor with[]

the requirements of Conn. D.O.C. Directive 2.7 sub-section (F)"

as unduly broad, vague and not limited in time.  Mot. Compel at

7.  The court concludes that defendant Faneuff's objections are

not unreasonable.  Furthermore, the plaintiff does not

sufficiently articulate why he needs these documents and has

failed to file a memorandum in support of his motion.[1]  He

simply states that the documents are critical to establishing his

failure to protect claim.  The court notes, however, that the

only claim against defendant Faneuff is that after he arrived at

the plaintiff's cell, he did not intervene soon enough to stop

the assault by Inmate Lawson.  The plaintiff's complaint contains

---

[1]  Local Rule 37(a)(3) requires that any discovery motion
filed with the court be accompanied by a detailed memorandum of
law containing the specific items of discovery sought or opposed.
Rule 37(a)(3) provides in pertinent part:
> Memoranda by both sides shall be filed with the Clerk
> in accordance with Rule 7(a) of these Local Rules
> before any discovery motion is heard by the Court.
> Each memorandum shall contain a concise statement of
> the nature of the case and a specific verbatim listing
> of each of the items of discovery sought or opposed,
> and immediately following each specification shall set
> forth the reason why the item should be allowed or
> disallowed . . . Every memorandum shall include, as
> exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(a)(3).

no claim that Captain Faneuff had any prior knowledge of the possibility that Inmate Lawson might assault the plaintiff on November 21, 2001.  Thus, it is not clear from plaintiff' motion why he needs the documents sought in his February 20, 2006 discovery request from defendant Faneuff.  The motion to compel and motion for default are denied.

V.    Motions for Extensions of Time, to Stay and for Summary Judgment [Docs. ## 23, 26, 27, 29]

The plaintiff seeks an extension of time to file a response to defendants' motion for summary judgment as well as a stay of any ruling on the motion for summary judgment until he completes discovery.  The plaintiff asserts that he still needs to take depositions of the defendants and obtaining a copy of the grievance that he filed regarding the failure of the defendants to immediately attempt to stop the assault once they arrived at plaintiff's cell.

The plaintiff's request to stay any ruling on the motion for summary judgment until he deposes the defendants is denied in view of the court's ruling above denying the plaintiff's request to depose the defendants at the expense of the court.  Due to the fact that the defendants filed their motion for summary judgment before the deadline for completing discovery expired and the court has just denied plaintiff's request to depose the defendants, the court will permit the plaintiff additional time to utilize alternative methods of discovery to obtain the information sought to be elicited through depositions of the

defendants.

The plaintiff is permitted until September 20, 2006, to serve any requests for production, interrogatories or requests for admissions on the three defendants in this action.[2]  Counsel for the defendants will then have until October 20, 2006, to respond to the discovery requests and until October 30, 2006, to file a notice with the court indicating that the defendants have served their responses to the discovery requests on the plaintiff.

In view of these orders, the defendants' motion for summary judgment is denied without prejudice to refiling after the completion of discovery by both parties.   The plaintiff's motion for extension of time to respond to the motion for summary judgment is denied as moot.  Any motions for summary judgment should be filed on or before December 1, 2006.

<u>Conclusion</u>

Plaintiff's Motion for Leave to Amend [**doc. # 22**] is **DENIED.** Plaintiff's Motion for Leave to Depose Defendants [**doc. # 25**] is

---

[2]  The plaintiff should keep in mind that the court has denied his request for leave to amend the complaint to add new claims and new defendants.   The only defendants in this action are Captain Fanueff and Officers Lopez and Wiseman.   The plaintiff alleges that on November 21, 2001, these three defendants failed to timely intervene to stop the assault on him by Inmate Lawson.   The plaintiff also indirectly asserts, through a reference to a grievance that he filed on December 20, 2001, No. 141-01-758, that timely thirty minute tours of his cellblock by unit staff might have prevented the assault or the injuries he suffered as a result of the assault.   (<u>See</u> Compl. at 2, ¶ 15.) Thus, any further discovery should be addressed to these claims.

**DENIED** without prejudice.  Defendants' Motion for Extension of Time [**doc. # 33**] to file response to plaintiff's February 20, 2006 discovery requests is **GRANTED** absent objection.  Plaintiff's Motions to Compel and for Default [**docs. ## 34, 35**] are **DENIED.** The plaintiff's Motions for Stay [**docs. ## 26, 29** ] are **DENIED.** The defendants' Motion for Summary Judgment [**doc. # 23**] is **DENIED** without prejudice to refiling after the parties have completed discovery.  The plaintiff's Motion for Extension of Time [**doc. # 27**] to respond to the motion for summary judgment is **DENIED** as moot.

**The plaintiff is permitted until September 20, 2006, to serve any requests for production, interrogatories or requests for admissions on the three defendants in this action.  Counsel for the defendants will then have until October 20, 2006, to respond to the discovery requests and to file a notice of compliance with the court by October 30, 2006.  Any motions for summary judgment should be filed on or before December 1, 2006.**

SO ORDERED in Bridgeport, Connecticut, this 18th of August, 2006.

_____/s/_____
                  Warren W. Eginton
             Senior United States District Judge