UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JASON GOODE
    v.
WILLIAM FANEUFF, ET AL.

PRISONER CASE NO.
3:04-cv-1524 (WWE) (HBF)

### **RULING ON MOTION FOR PRELIMINARY INJUNCTION**

The plaintiff, Jason Goode, seeks an order directing the defendants to transfer him from Northern Correctional Institution to another prison facility in Connecticut. For the reasons set forth below, the motion for injunctive relief will be denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a

higher standard. "[I]n addition to demonstrating irreparable harm, "[t]he moving party must make a clear or substantial showing of a likelihood of success" on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).

Here, the plaintiff asks the court to order that he be transferred to another prison facility. Thus, plaintiff must meet the higher standard for mandatory injunctive relief.

The plaintiff filed the present motion less than three weeks after his transfer from Cheshire Correctional Institution to Northern Correctional Institution. He claims that he was housed in a protective custody unit at Cheshire and that his protective custody status is likely to be suspended to permit him to participate in prison programming. As such, he will be in contact with other inmates who are not designated as protective custody inmates. He asserts that there is a possibility that he will be involved in another altercation with inmates at Northern. He states that he is currently housed in a cell without a cellmate, but could be assigned a cellmate in the future. Furthermore, plaintiff claims that defendant John Wiseman works at Northern and he fears that defendant Wiseman may retaliate against him for filing this lawsuit.

All of plaintiff's claims regarding possible harm due to his confinement at Northern are speculative. The defendants have filed

affidavits indicating that plaintiff was transferred to Northern due an assault by him of another inmate in the protective custody unit at Cheshire and that he has been housed in a cell by himself since his transfer to Northern. See (Mem. Opp'n Mot. Prelim. Inj., Levesque Aff. ¶¶ 7-9 and Bradway Aff. ¶ 5.) Defendant Wiseman has also filed an Affidavit in which he avers that he has not and will not retaliate against the plaintiff for filing this lawsuit. See (Bradway Aff. ¶ 4.)

Possible future harm is insufficient to support a motion for injunctive relief. See Shapiro, 51 F.3d at 332. Absent allegations of actual and immediate harm, the plaintiff fails to satisfy the first requirement for an award of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (moving party must first demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").

## **Conclusion**

The Motion for Preliminary Injunction [**doc. # 41**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of March, 2008.

/s/

Warren W. Eginton
Senior United States District Judge